**ɪN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | |
| **ROYAL CAR RENTAL INC** | **CASE NO. 09-02276 BKT** |
| **Debtor(s)** | **CHAPTER 11** |
| **ROYAL CAR RENTAL INC** | |
| **Plaintiff** | **ADVERSARY NO. 09-0220** |
| **WESTERNBANK PUERTO RICO** **BANCO POPULAR DE PUERTO RICO** | |
| **Defendant(s)** | **FILED & ENTERED ON 06/07/2010** |

## OPINION AND ORDER

This proceeding is before the Court upon Plaintiff's motion for reconsideration of the order granting Defendant's motion for summary judgment filed on May 11, 2010 [Dkt. No. 68], and the opposition filed by Banco Popular de Puerto Rico on June 2, 2010 [Dkt. No. 76].  For the reasons set forth below, the motion for reconsideration is hereby denied.

## I. PROCEDURAL BACKGROUND

On April 23, 2010, the Court entered judgment dismissing this adversary proceeding, finding that Defendant, Westernbank de Puerto Rico ("Westernbank") did not breach the line of credit agreement it entered into with Plaintiff, Royal Car Rental, Inc. ("Debtor"), and that Westernbank did not commit a violation of the Bank Holding Company Act ("BHCA") [Dkt. No. 54].  The Court ruled that Westernbank's disbursement of $921,670.62 to Debtor and its subsequent denial of Debtor's request for an additional $850,000.00 advance were in accordance with the line of credit agreement.  The Court further noted that Debtor defaulted on its payment and waived any claim it

had against Westernbank for improper termination of the line of credit pursuant to five additional agreements Debtor entered into to extend the line of credit after May 10, 2008.  With respect to the BHCA, the Court held that the condition in the line of credit agreement requiring Debtor to transfer its bank accounts to Westernbank was a lawful, traditional banking practice and did not violate any of the BHCA's tying prohibitions.

On May 11, 2010, Debtor filed a motion to reconsider, arguing that the Court incurred in a manifest error of law by failing to rule that article 3.17 of the line of credit agreement violated the BHCA.  Debtor also submitted several arguments it already presented in its complaint and opposition to Westernbank's motion for summary judgment  [Dkt. No's 1, 35].

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the General Order of referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).  This is a core proceeding in accordance with 28 U.S.C. §157(b).

## II. DISCUSSION

Debtor prays for reconsideration pursuant to Federal Rules of Bankruptcy Procedure, Rule 9023, which makes Federal Rules of Civil Procedure, Rule 59 ("Rule 59") applicable.  Accordingly, Rule 59 states, "[a]ny motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  In seeking reconsideration, "the moving party must either clearly establish a manifest error of law or must present newly discovered evidence." Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (quoting Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). The First Circuit in Marie also cited a leading treatise, highlighting the following four grounds for granting a motion for reconsideration

under Rule 59(e): (1) manifest errors of law and fact; (2) newly discovered or previously unavailable evidence; (3) manifest injustice; and, (4) an intervening change in controlling law. 402 F.3d at 7 (citing 11 C. Wright et al., Federal Practice & Procedure § 2810.1 (2d ed. 1995)).

Under Rule 59 reconsideration of a judgment is an extraordinary remedy, which is used sparingly and only when the need for justice outweighs the interests set forth by a final judgment. The underlying policy of reconsideration is to provide a court with a means to correct its own errors. White v. New Hampshire Dept. of Employment Sec., 455 U.S. 445, 450 (1982). Conversely, Rule 59(e) does not exist to allow parties a second chance to prevail on the merits. Harley-Davidson Motor Co. v. Bank of New England-Old Colony, N.A., 897 F.2d 611, 616 (1st Cir. 1990). Indeed, Rule 59(e) is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court. Id. at 616 (citing FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). As the First Circuit noted in Harley-Davidson Motor, the rule is "aimed at reconsideration, not initial consideration." Id. at 616. (citing New Hampshire Dept. of Employment Sec., 455 U.S. at 450). See also, Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1999) (Rule 59(e) does not allow losing party to rehash old arguments, previously considered and rejected.)

In the case at bar, the Court granted summary judgment in favor of Westernbank pursuant to the absence of any material facts in dispute. A fact is considered "material" if it potentially could affect the outcome of the suit. Cortes-Irizarry v. Corporaciòn Insular, 111 F.3d 184, 187 (1st Cir. 1997). It follows that there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id.

(citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731 (1st Cir. 1995)).  In a summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party.  In re Rijos, 263 B.R. 382, 388 (1st Cir. BAP 2001).  As such, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record."  Id. at 388.

It strikes the Court as unnecessary to reenter a discussion of the arguments advanced by the Debtor that were already rejected in the analysis that resulted in the granting of summary judgment on behalf of Westernbank   [Dkt. No. 54].   Nevertheless, in support of their motion for reconsideration, Debtor avers that the Court made a manifest error of law with respect to article 3.17 of the line of credit agreement – requiring Debtor to transfer its bank accounts to Westernbank. Debtor argues that article 3.17 is a tying arrangement which violates the BHCA.  Debtor maintains that pursuant to the Supreme Court of Puerto Rico's holding in Fransechi v. Texaco, article 3.17 is not a proper banking practice because it controls the rights of the borrower to administer its business and property.  Fransechi v. Texaco, 3 P.R. Offic. Trans. 1058 (P.R. 1975).  The ruling in Fransechi, however, is not applicable to the case at bar given that it deals with a mortgagor's right to dispose of property in a real estate transaction and provides no guidelines with respect to banks, traditional banking practices, lines of credit, or violations of the BHCA.  See generally Id.

Similarly, the findings in Acosta & Rodas, Inc. v. Puerto-Rican American Ins., Co., which Debtor cites to establish the improper conduct of Westernbank, do not provide further insight into the present dispute.  Acosta & Rodas v. Puerto-Rican American Ins., Co., 112 D.P.R. 583 (P.R. 1982).  Indeed, Acosta & Rodas deals primarily with the wrongful attachment of the Plaintiff's personal property by the Defendant insurance company, which is wholly unrelated to the

circumstances in the present suit.

Debtor further claims that the Court applied an erroneous standard to its interpretation of the BHCA and its reliance on <u>B.C. Recreational Industries v. First Nat'l Bank of Boston</u>, 639 F.2d 828, 832 (1st Cir. 1981).  As was discussed in the opinion and order dated April 23, 2010, the tying prohibitions of the BHCA do not interfere with the conduct of appropriate traditional banking practices.  <u>B.C. Recreational</u>, 639 F.2d at 832 (<u>citing</u> <u>Sterling Coal Co. v. United Am. Bank</u>, 470 F.Supp. 964-65 (E.D. Tenn. 1979))  [Dkt. No. 54].  Pursuant to the ruling in <u>Sterling Coal</u>, "[c]onditioning the grant and extension of credit on the requirement that the bank supervise and control the plaintiff's checking account and other corporate affairs, including veto power over purchases and payment of dividends, was **not prohibited** by the Act [BHCA]."  470 F.Supp at 965 (emphasis added).

Notwithstanding the fact that Debtor voluntarily agreed to article 3.17 when it entered into the line of credit agreement with Westernbank, Debtor also agreed to extend the line of credit on five occasions – June 25, 2008; August 27, 2008; October 29, 2008; December 24, 2008; and February 26, 2009 – after it had incurred substantial pre-petition defaults.  Accordingly, the Court finds unconvincing Debtor's argument that Westernbank failed to use ordinary care and good faith.  Finally, Debtor appears to make a public policy argument, but in doing so, fails to submit any factual underpinnings or case law to support reconsideration.  Because Debtor has failed to establish a manifest error of law this Court finds that Debtor is not entitled to reconsideration under Federal Rules of Bankruptcy Procedure, Rule 9023.

WHEREFORE, IT IS ORDERED that PLAINTIFF's motion for reconsideration shall be, and it hereby is, DENIED

**SO ORDERED.**

San Juan, Puerto Rico, this 07 day of June, 2010.

**Brian K. Tester**
**U.S. Bankruptcy Judge**